UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOD DIVISION

| | |
|---|---|
| KENNETH BROWN and MARK BARON, Individually and for Others Similarly Situated, | Case No. 3:21-cv-611 |
| v. | Jury Trial Demanded |
| ENERGY SERVICES GROUP INTERNATIONAL, INC. | Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. Energy Services Group International, Inc. (ESGI) failed to pay Kenneth Brown and Mark Baron (collectively, "Plaintiffs") and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, ESGI paid Plaintiffs, and other workers like them, less than the required "time and a half" for hours worked in excess of 40 in a workweek.

3. Plaintiffs brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case raises a federal question under 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. Plaintiffs' employment contracts require that this lawsuit be filed in this District and Division.

> 11. **Choice of Forum:** The parties agree that all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the **City of Richmond, Virginia.**

7. ESGI conducts substantial business in this District and Division.

## THE PARTIES

8. Plaintiffs were each employees of ESGI.

9. Plaintiff Baron worked for ESGI from May 2018 until February of 2019.

10. Baron's consent to joint this lawsuit is attached as Exhibit A.

11. Plaintiff Brown worked for ESGI from August 2016 until April of 2019.

12. Brown's consent to join this lawsuit is attached as Exhibit B.

13. Plaintiffs were opt-in plaintiffs in *Ward v. Energy Services Group International, Inc.*, No. 4:20-cv-00171, ECF No. 4 (E.D. Va. Nov. 11, 2020); *Id.* at ECF No. 17 (E.D. Va. April 16, 2021).

14. *Ward v. Energy Services Group International, Inc.*, was dismissed by stipulation of the parties on or about September 8, 2021, and the matter was terminated on September 9, 2021. Pursuant to the stipulated dismissal, the claims of Baron and Brown were both dismissed without prejudice. *Ward v. Energy Services Group International, Inc.*, ECF No. 27 (E.D. Va. Sept. 8, 2020).

15. For statute of limitations purposes, Baron's claims relate back to when he filed his consent in *Ward v. Energy Services Group International, Inc.* on April 16, 2021.

16. For statute of limitations purposes, Brown's claims relate back to when he filed his consent in *Ward v. Energy Services Group International, Inc.* on November 10, 2020.

17. The workers impacted by ESGI's illegal pay scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

18. The class Plaintiffs seek to represent is properly defined as:

**All power plant workers who ESGI paid at less than time and a half for hours worked over 40 in a workweek (Putative Class Members).**

19. ESGI is headquartered in Toano, Virginia.

20. ESGI was previously served with process.

## COVERAGE UNDER THE FLSA

21. At all relevant times, ESGI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, ESGI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, ESGI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

24. At all relevant times, ESGI had an annual gross volume of sales made in excess of $1,000,000.

25. At all relevant times, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

26. ESGI provides workers to nuclear, fossil, and hydro power plants, and government projects.

27. Plaintiffs were each an employee of ESGI.

28. ESGI hired Plaintiff Baron in May of 2018.

29. ESGI assigned Baron to work in the Southern Nuclear plant located in Georgia.

30. Baron worked for ESGI as a Scheduler.

31. Baron would handle scheduling of the construction crews at the nuclear plant.

32. ESGI paid Baron between $56 - $90 per approved hour worked.

33. Baron left ESGI's employment in February of 2019.

34. ESGI hired Plaintiff Brown in August of 2016.

35. ESGI assigned Brown to work in a Duke power plant located in South Carolina.

36. Brown worked for ESGI as a Contract Engineer.

37. Brown would handle and assist in design projects for the electrical lines at the power plant.

38. ESGI paid Brown between $83 - $95 per approved hour worked.

39. Brown left ESGI's employment in April of 2019.

40. Plaintiffs reported the hours they worked to ESGI on a regular basis.

41. Plaintiffs were not guaranteed a salary.

42. Plaintiffs were not paid a salary.

43. If Plaintiffs worked fewer than 40 hours in a week, they were only paid for the hours worked.

44. Similarly, if the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours they worked.

45. For example, in the week ending on September 14, 2018, Brown worked 32 hours.

46. ESGI only paid Brown for the 32 hours he worked.

47. In the week ending on September 21, 2018, Brown worked 35 hours.

48. ESGI only paid Brown for the 35 hours he worked.

49. However, Brown regularly worked over 40 hours in a week.

50. Brown worked an average of 40 to 45 hours per week throughout his employment with ESGI.

51. The Putative Class Members also routinely worked over 40 hours in a week.

52. ESGI paid Brown $83.12 per hour worked up to 40 hours a week plus an additional $95.62 for all hours for each hour worked in excess of 40 hours per week.

53. ESGI's records reflect the hours Plaintiffs and the Putative Class Members worked.

54. ESGI paid Plaintiffs the same rate for all hours worked up to 40 hours per week, plus an additional amount that was less than one-and-one-half times their regular rate for all hours worked in excess of 40 hours per week.

55. Rather than receiving time and half as required by the FLSA, Plaintiffs only received a portion of their time and a half overtime pay.

56. Plaintiffs and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

57. Plaintiffs and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

58. Plaintiffs and the Putative Class Members regularly worked more than 40 hours in a week.

59. ESGI did not pay Plaintiffs and the Putative Class Members on a salary basis.

60. ESGI's overtime payment scheme violates the FLSA.

61. ESGI knew of the overtime requirements of the FLSA.

62. ESGI nonetheless failed to pay certain employees, such as Plaintiffs, proper time and a half overtime.

63. ESGI's failure to pay overtime was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

64. ESGI's illegal pay policy extends beyond Plaintiffs.

65. Based on their experiences and tenure with ESGI, Plaintiffs know ESGI's illegal practices were imposed on the Putative Class Members.

66. The Putative Class Members were all paid less than time and a half when they worked in excess of 40 hours per week.

67. The Putative Class Members were not paid a guaranteed salary.

68. If the Putative Class Members worked under 40 hours, they were only paid for the hours they worked.

69. Numerous individuals were victimized by this pattern, practice, and policy that is a willful violation of the FLSA.

70. ESGI's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Putative Class Members.

71. Upon information and belief, ESGI paid hundreds of workers using the same unlawful scheme.

72. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

74. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

75. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**CAUSE OF ACTION**

76. By failing to pay Plaintiffs and the Putative Class Members overtime at one-and-one-half times their regular rates, ESGI violated the FLSA's overtime provisions.

77. ESGI owes Plaintiffs and Putative Class Members the difference between the rate actually paid and the proper overtime rate.

78. Because ESGI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ESGI owes these wages for at least the past three years.

79. ESGI is liable to Plaintiffs and the Putative Class Member for an amount equal to all unpaid overtime wages as liquidated damages.

80. Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

81. Plaintiffs demand a trial by jury.

## PRAYER

72. Plaintiffs pray for relief as follows:

   a. An Order designating this case as a collective action and authorizing notice to all Putative Class Members informing them of their right to join this action by filing a written consent pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding ESGI liable to Plaintiffs and the Putative Class Members for their unpaid overtime as well as liquidated damages in an amount equal to their unpaid overtime;

   c. For an Order awarding attorneys' fees, expenses, costs, and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNETH BROWN and MARK BARON, Individually and for Others Similarly Situated

By: */s/ Zev H. Antell*
    Harris D. Butler (VSB No. 26483)
    Zev H. Antell (VSB No. 74634)
    **BUTLER CURWOOD, PLC**
    140 Virginia Street, Suite 302
    Richmond, Virginia 23219
    (804) 648-4848 – Telephone
    (804) 237-0413 - Facsimile
    Email:    harris@butlercurwood.com
               zev@butlercurwood.com

    Michael A. Josephson
    TX Bar No. 24014780
    (*pro hac vice application to be submitted*)
    Andrew W. Dunlap
    TX Bar No. 24078444
    (*pro hac vice application to be submitted*)
    Richard M. Schreiber
    TX Bar No. 24056278
    (*pro hac vice application to be submitted*)
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    Email:    mjosephson@mybackwages.com
               adunlap@mybackwages.com
               rschreiber@mybackwages.com

    Richard J. (Rex) Burch
    TX Bar No. 24001807
    (*pro hac vice application to be submitted*)
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    Email:    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**