# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

KENNETH BROWN and MARK BARON,
Individually and for Others Similarly Situated,

v.

ENERGY SERVICES GROUP
INTERNATIONAL, INC.

Case No. 3:21-cv-00611

Jury Trial Demanded

Collective Action

## FIRST AMENDED COMPLAINT

### SUMMARY

1.      Energy Services Group International, Inc. (ESGI) misclassified Kenneth Brown and Mark Baron (collectively, "Plaintiffs") and other workers like them (Putative Class Members) as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").

2.      But ESGI cannot meet the requirements for any relevant exemption because ESGI did not pay them on a "salary basis."

3.      Instead, ESGI created a ruse to give the appearance of compliance by claiming to guarantee Plaintiffs and the Putative Class Members a token salary (say, $500 a week) while paying them a substantial hourly rate (say, $60/hr) for every approved hour worked up to 40 in a workweek.

4.      In other words, 82.76% of their pay for a 40-hour workweek was dependent on the number of hours they worked.

5.      The FLSA's "salary basis" test does not permit this type of "charade." *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 294 (5th Cir. 2021) (citing 69 Fed. Reg. 22,184 (2004)).

6.      An employee is not paid on a salary basis if he earns "$1,500 or more" on an hourly basis but is "guaranteed only the minimum required $455" because "this effectively allow[s] the employer to dock the employee for partial day absences." *Id.*

7.     ESGI's purported salary guarantee was not reasonably related to what Plaintiffs and the Putative Class members actually earned based on the hours they worked. 29 C.F.R. § 541.604(b).

8.     ESGI would routinely deduct from Plaintiffs' and the Putative Class Members' pay using incremental or partial day deductions.

9.     ESGI's improper deductions also violate the salary basis test.

10.    In short, ESGI's pay plan fails the salary basis test.

11.    Because the salary basis test is a prerequisite to any potentially applicable  exemption (administrative, executive, professional, or highly compensated) to the FLSA's overtime requirements, Plaintiffs and Putative Class Members are non-exempt employees who are entitled to overtime for every hour above 40 worked in a week.

## JURISDICTION AND VENUE

12.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case raises a federal question under 29 U.S.C. § 216(b).

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

14.    ESGI's employment contracts require Plaintiffs sue in this District and Division:

> 11.    **Choice of Forum:**  The parties agree that all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia.

15.    ESGI conducts substantial business in this District and Division.

## PARTIES

16.    Plaintiff Baron worked for ESGI from May 2018 until February of 2019.

17.    ESGI classified Baron as a W2 employee.

18.    Baron's consent to join this lawsuit is on file with the Court.

19.    Plaintiff Brown worked for ESGI from August 2016 until April of 2019.

20.    ESGI classified Brown as a W2 employee.

21.    Brown's consent to join this lawsuit is on file with the Court.

22.    ESGI treated Plaintiffs as hourly employees.

23.    ESGI paid Plaintiffs according to the same illegal pay plan.

24.    According to Plaintiffs offer letter, their purported "salary" was $500 a week.

25.    Plaintiffs would not have worked for ESGI if their actual salary was $500 for each week they worked for ESGI.

26.    Instead, Plaintiffs relied on their hourly pay.

27.    Plaintiffs received at least $60 dollars an hour for each hour worked for ESGI.

28.    ESGI paid hundreds of workers according to its illegal pay practice.

29.    ESGI was sued for its illegal pay practice back in 2018, *Dunn v. Energy Services Group International, Inc.*, No. 2:18-cv-13349, ECF No. 1 (E.D. La. Dec. 11, 2018), but hasn't corrected it practices.

30.    The workers impacted by ESGI's illegal pay scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

31.    The class Plaintiffs seek to represent is properly defined as:

**All power plant workers who ESGI paid at less than time and a half for hours worked over 40 in a workweek (Putative Class Members).**

32.    ESGI is headquartered in Toano, Virginia.

33.    ESGI was served and has appeared.

### STATUTE OF LIMITATIONS

34.    Plaintiffs were opt-in plaintiffs in *Ward v. Energy Services Group International, Inc.*, No. 4:20-cv-00171, ECF Nos. 4 & 17 (E.D. Va.).

35.    For statute of limitations purposes, Baron's claims relate back to when he filed his consent on April 16, 2021. *Id.* at ECF No. 17.

36.     For statute of limitations purposes, Brown's claims relate back to when he filed his consent on November 10, 2020. *Id.* at ECF No. 4.

37.     The *Ward* litigation was dismissed when the named plaintiff had a change of heart and decided not to pursue his claims under the FLSA.

38.     Prior to dismissal, Brown and Baron tried to take the named plaintiff's place as the representative plaintiff. *Id.* at ECF Nos. 18 and 19.

39.     ESGI opposed the requested substitution. *Id.* at ECF No. 20.

40.     On September 7, 2021, ESGI consented to Brown and Baron being dismissed without prejudice.

41.     Seven days later, Brown and Baron refiled their claims in this case. ECF No. 1.

### COVERAGE UNDER THE FLSA

42.     At all relevant times, ESGI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43.     At all relevant times, ESGI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44.     At all relevant times, ESGI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

45.     At all relevant times, ESGI had an annual gross volume of sales made in excess of $1,000,000.

46.     At all relevant times, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

FACTS

*ESGI and Its Employment Model*

47.     ESGI provides workers to nuclear, fossil, and hydro power plants, and government projects.  *See* https://www.esgi.net/about-esg-international-energy-staffing-agencies-newport-news-va/ (Last visited November 17, 2021).

48.     ESGI labels itself a "full-service staffing and payrolling company for all types of power producers…" *Id.*

49.     To provide its services, ESGI hires employees, like Plaintiffs and the Putative Class Members, to staff to its clients.

50.     To generate its purported "$100 million in revenue," ESGI bills clients for the time worked by employees like the Plaintiffs and Putative Class Members. *Id.*

51.     While ESGI staffs employees like Plaintiffs and the Putative Class Members out to its clients, ESGI maintains an employment relationship with Plaintiffs and the Putative Class Members.

52.     ESGI says its business model allows its clients to "control costs and mitigate risks." See https://www.esgi.net/services/ (Last visited November 17, 2021).

53.     Said otherwise, ESGI is responsible for any wage and hour violations it committed with respect to Plaintiffs and Putative Class Members.

54.     ESGI issues the paychecks and other forms of compensation and reimbursements to the Plaintiffs and the Putative Class Members.

55.     ESGI is responsible for the employer's share of taxes and tax obligations for the Plaintiffs and the Putative Class Members.

56.     For example, ESGI issues the yearly W2 IRS form to Plaintiffs and the Putative Class Members.

57.     ESGI employs Plaintiffs and the Putative Class Members as full-time employees.

58.     ESGI provides Plaintiffs and the Putative Class Members with a handbook, which describes its employment and pay policies.

59.     ESGI provides Plaintiffs and the Putative Class Members with an offer letter, which describes the pay policies applicable to the employee.

60.     ESGI paid Plaintiffs and the Putative Class Members according to the same pay plan.

61.     ESGI's pay plan involved using a small weekly "salary" pay per week and significant hourly rates for hours worked up to and above 40 hours in a week.

62.     For example, Plaintiffs' alleged "salary" was $500 a week and their hourly rates were $60+ an hour.

63.     ESGI does not guarantee Plaintiffs or the Putative Class Members a set number of hours each week.

64.     ESGI does not guarantee that Plaintiffs and the Putative Class Members would receive their regular weekly amount of pay if a full week of work was performed (40 hours of work in a week).

65.     ESGI routinely deducts from Plaintiffs' and the Putative Class Members' pay using incremental or partial day deductions.

66.     ESGI's deductions were improper, which result in a violation of the salary basis test.

67.     ESGI's hourly compensation grossly exceeded the flat amount of pay per week it provided the Plaintiffs and Putative Class Members.

68.     ESGI's additional hourly compensation is not reasonably related to the guaranteed flat amount of pay per week.

69.     As a result, ESGI cannot satisfy its burden to meet the salary basis test.

6

70.     Because the salary basis test is a prerequisite to any white-collar exemption (administrative, executive, professional, or highly compensated) of the FLSA's overtime requirements, ESGI cannot satisfy its burden to apply any potentially applicable overtime exemption.

71.     Plaintiffs and the Putative Class Members regularly worked in excess of 40 hours a week and did not receive one-and-a-half times their regular rate of pay for all hours worked over 40 in a week.

72.     As a result of ESGI's misclassification, Plaintiffs and the Putative Class Members are due one-and-a-half times their regular rate of pay for all hours worked over 40 in a week.

*Facts Specific to Plaintiffs*

73.     Plaintiffs were each an employee of ESGI.

74.     ESGI hired Baron in May of 2018.

75.     ESGI assigned Baron to work in the Southern Nuclear plant located in Georgia.

76.     ESGI employed Baron as a Scheduler.

77.     Baron would handle scheduling of the construction crews at the nuclear plant.

78.     Baron was paid pursuant to ESGI's "salary plus hourly" pay scheme.

79.     According to his August 21, 2018 offer letter, ESGI paid Baron as follows:

> a.  Base Weekly Salary: **$500.00**.  This minimum base weekly salary may be adjusted if employee is absent from work for one or more full scheduled work days.
> b.  Additional Compensation: For each hour up to forty (40) per week, employee will be paid up to **$32.50**/hour for each hour billable to our Customer.  For each hour over forty per week, employee will be paid **$68.74**/hour for each hour billable to our Customer.
> c.  Per Diem:  Employee will be compensated **$144.00** a day for living expenses.  Per diem may be reduced for full days off.   All per diem will be taxed appropriately per Internal Revenue Ruling 93-86 once employee has been on site for a year. Employee will be responsible for documenting eligibility for per diem.

*(handwritten annotations: "$64.80 OK-U00 08/22/18"; "$90.00  OK-U00 0822/18")*

80.     ESGI did not pay Baron time and a half for his overtime hours.

81.     Baron's additional hourly compensation was substantial in each week.

82.     The additional hourly compensation far exceeded the "Base Weekly Salary: $500."

83.    Baron would not have worked for ESGI for just a $500 weekly "salary."

84.    Baron was not guaranteed pay that was "roughly equivalent" to what he "usually earned" for even for a 40-hour work week.

85.    ESGI permitted partial day deductions to Baron's alleged "salary."

86.    In the week ending 11/20/18, Baron was only paid for 37 hours of work.

87.    ESGI permitted a deduction of 3 hours of work from a 40-hour week.

88.    The bulk of ESGI's compensation to Baron came from hourly wages.

89.    Baron relied on these hourly wages.

90.    While the rates of pay Baron received changed slightly during his employment with ESGI, the structure of his pay remained the same—a token weekly "salary" and high hourly rates for all hours worked.

91.    Baron left ESGI's employment in February of 2019.

92.    ESGI hired Brown in August of 2016.

93.    ESGI assigned Brown to a Duke power plant located in South Carolina.

94.    ESGI employed Brown as a Contract Engineer.

95.    Brown worked in design projects for the electrical lines at the power plant.

96.    ESGI plaid Brown pursuant to ESGI's "salary plus hourly" pay scheme.

97.    According to his January 7, 2019 offer letter, ESGI paid Brown as follows:

a.    Base Weekly Salary: **$500.00.**  This minimum base weekly salary may be adjusted if employee is absent from work for one or more full days.

b.    Additional Compensation: For each hour up to forty (40) per week, employee will be paid up to **$83.12**/hour for each hour billable to our Customer.  For each hour over forty (40) per week, employee will be paid **$95.62**/hour for each hour billable to our Customer.

98.    ESGI did not pay Brown time and a half for his overtime hours.

99.    Brown's additional hourly compensation was substantial in each week.

100. Like Baron, Brown's additional hourly compensation far exceeded his alleged "salary."

101. Brown was not guaranteed pay that was "roughly equivalent" to what he "usually earned" for even for a 40-hour work week.

102. ESGI permitted deductions in partial days or incremental units to his 40 hour week or 8 hour day compensation.

103. In the work week ending 8/7/2019, Brown was only paid for 31 hours of work. ESGI permitted a deduction of 9 hours of work from a 40 hour week.

104. The bulk of ESGI's compensation to Brown came from hourly wages.

105. While the rates of pay Brown received changed slightly during his employment with ESGI, the structure of his pay remained the same—a token weekly "salary" and high hourly rates for all hours worked.

106. Brown left ESGI's employment in April of 2019.

107. Plaintiffs reported the hours they worked to ESGI on a regular basis.

108. ESGI recorded and tracked the hours worked by Plaintiffs.

109. Plaintiffs were not guaranteed a salary reasonably related to a full week's work.

110. Plaintiffs were not paid on a salary basis in accordance with the FLSA.

111. If Plaintiffs worked fewer than 40 hours in a week, ESGI paid them for only the hours worked.

112. But Plaintiffs normally worked over 40 hours a week.

113. In fact, Plaintiffs customarily worked 40 to 60 hours a week.

114. The number of hours worked by Plaintiffs was required by ESGI.

115. To comply with the FLSA's "reasonable relationship" test, the ratio of "actual earnings to salary" generally cannot exceed 1.5.

116. In most, if not all workweeks, Plaintiffs exceed the 1.5 ratio.

117.    When Plaintiffs worked overtime, they would earn over 5 times their alleged salary.

*ESGI's Policies*

118.    ESGI's offer letters contain its compensation policies.

119.    ESGI pay scheme—a token weekly "salary" and high hourly rates for all hours worked—is contained in its offer letters.

120.    But even ESGI's small weekly "salary" is subject to reduction.

121.    ESGI's additional hourly compensation is designed to attract, and pay, employees like Plaintiffs and Putative Class Members.

122.    Plaintiffs and Putative Class Members' primary source of income was their hourly based pay.

123.    The Plaintiffs and Putative Class Members understood that fact.

124.    ESGI's compensation policies are applicable to Plaintiffs and Putative Class Members.

125.    ESGI maintains an Employment Handbook.

126.    The Employee Handbook contains policies applicable to Plaintiffs and the Putative Class Members.

127.    The Employee Handbook provides ESGI's policies for providing employee benefits, such as health insurance, dental insurance 401-K, disability policies, and other typical benefits to Plaintiffs and the Putative Class Members.

128.    ESGI "offers paid holidays to the extent that paying such holidays will assure that the Base Weekly Salary identified in the Employment Agreement (or as adjusted in compliance with federal and state laws) is met. These holidays include New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day." ESG Handbook, 2021.

129.    ESGI retains the right to make deductions "from an employee's accrued leave time for partial day absences, in half-day increments." ESG Handbook, 2021.

130.     According to ESGI's overtime pay policy, "Non-exempt employees are paid their regular hourly rate for the first forty hours worked per week and all additional time is paid at a rate of 1 1/2 times the employee's hourly rate in accordance with applicable Federal and State regulations." ESG Handbook, 2021.

131.     ESGI's classification policy states "Full Time – An employee who standard work week is 30 hours or more each week. Employees can be exempt (classified by their job duties and are exempt from overtime provisions of the Federal and State Wage & Hour Laws who get paid a weekly salary) or non-exempt (receive overtime pay in accordance with our overtime policy)." ESG Handbook, 2021.

132.     ESGI maintains a general FLSA classification process that begins with a recruiter and ends with final approval or reclassification by Vicki O'Neal O'Dell, Human Resources Manager with ESGI.

### ESGI Willfully Violated, or Reckless Disregarded, the FLSA

133.     ESGI's handbook demonstrates it knew about the FLSA and its requirements.

134.     ESGI's employee handbook states how ESGI could comply with the FLSA.

135.     ESGI employed individuals who were tasked with FLSA compliance and classification.

136.     ESGI knew it had to meet the salary basis test to take advantage of any exemptions for white-collar employees.

137.     ESGI is related to BPC Engineers. *See* https://bcpengineers.com/staffing/ (Last visited November 17, 2021) ("Because of the long history of BCP supporting the nuclear industry, there are over 450 engineers, project manager, and technical resources that have proven their value while working for BCP and ESGI.")

138.     ESGI and BCP were sued for failing to pay time and a half to staffed employees in 2018. *See Dunn*, C.A. 2:18-cv-13349, ECF No. 1.

139.     ESGI settled the nearly identical litigation in *Dunn. Id.*, ECF No. 36.

140.    ESGI has been served with subpoenas to produce records in other federal collective action with similar allegations. *See Smith v. Guidant Global, Inc.*, No. 2:2019-cv-12318 (E.D. Mi. 2019); *Hall v. Dominion Energy, Inc., et al.*, No. 3:18-cv-00321 (E.D. Va. 2018).

141.    ESGI knew from its prior litigation history to investigate whether it was complying with the salary basis test.

142.    ESGI heard from its employees that it needed to investigate (and correct) the pay plan it imposed on Plaintiffs and the Putative Class Members.

143.    ESGI's employee handbook shows it knew it needed to investigate the salary basis issues raised by the pay plan it imposed on Plaintiffs and the Putative Class Members.

144.    ESGI knew the salary basis test could be failed.

145.    ESGI attempted to dodge the salary basis test by setting up its token salary plus hourly pay system.

146.    ESGI intended for its token salary to give the appearance of paying on a salary basis when it knew Plaintiffs and the Putative Class Members earned the vast majority of their pay from their hourly earnings.

147.    ESGI knew about the Department of Labor's 2018 Opinion Letter requiring the salary basis test and reasonable relationship test be satisfied for "salaried" employees who receive additional hourly compensation.[1]

148.    ESGI disregarded its knowledge and maintained an illegal "salary plus hourly" compensation scheme.

149.    ESGI's pay plan violates the FLSA.

---

[1] See https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/2018_11_08_25_FLSA.pdf (Last visited November 17, 2021).

150. ESGI knew, or showed reckless disregard for whether, its illegal pay plan violated the FLSA.

151. ESGI's failure to pay overtime was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

152. ESGI's illegal pay policy extends beyond Plaintiffs.

153. Based on their experiences and tenure with ESGI, Plaintiffs know ESGI's illegal practices were imposed on the Putative Class Members.

154. Plaintiffs believe the Putative Class Members exceed 300.

155. The Putative Class Members were all paid less than time and a half when they worked in excess of 40 hours per week.

156. The Putative Class Members were not paid a guaranteed salary in accordance with the FLSA.

157. If the Putative Class Members worked under 40 hours, they were only paid for the hours they worked.

158. Numerous individuals were victimized by this pattern, practice, and policy that is a willful violation of the FLSA.

159. ESGI's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Putative Class Members.

160. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

161. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

162.     Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

163.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

164.     By failing to pay Plaintiffs and the Putative Class Members overtime at one-and-one-half times their regular rates, ESGI violated the FLSA's overtime provisions.

165.     ESGI owes Plaintiffs and Putative Class Members the difference between the rate actually paid and the proper overtime rate.

166.     Because ESGI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ESGI owes these wages for at least the past three years.

167.     ESGI is liable to Plaintiffs and the Putative Class Member for an amount equal to all unpaid overtime wages as liquidated damages.

168.     Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

169.     Plaintiffs demand a trial by jury.

### PRAYER

170.     Plaintiffs pray for relief as follows:

   a.      An Order designating this case as a collective action and authorizing notice to all Putative Class Members informing them of their right to join this action by filing a written consent pursuant to 29 U.S.C. § 216(b);

b.      For an Order pursuant to Section 16(b) of the FLSA finding ESGI liable to Plaintiffs and the Putative Class Members for their unpaid overtime as well as liquidated damages in an amount equal to their unpaid overtime;

c.      For an Order awarding attorneys' fees, expenses, costs, and pre- and post-judgment interest; and

d.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNETH BROWN and MARK BARON, Individually and for Others Similarly Situated

By: */s/ Zev H. Antell*
    Harris D. Butler (VSB No. 26483)
    Zev H. Antell (VSB No. 74634)
    **BUTLER CURWOOD, PLC**
    140 Virginia Street, Suite 302
    Richmond, Virginia 23219
    (804) 648-4848 – Telephone
    (804) 237-0413 - Facsimile
    Email:    harris@butlercurwood.com
              zev@butlercurwood.com

    Michael A. Josephson
    TX Bar No. 24014780
    (*admitted pro hac vice*)
    Andrew W. Dunlap
    TX Bar No. 24078444
    (*admitted pro hac vice*)
    Richard M. Schreiber
    TX Bar No. 24056278
    (*admitted pro hac vice*)
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    Email:    mjosephson@mybackwages.com
              adunlap@mybackwages.com
              rschreiber@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
(*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Email:     rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Zev H. Antell*
Zev H. Antell  (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
804-648-4848 – Telephone
804-237-0413 – Facsimile
Email:  zev@butlercurwood.com