IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH BROWN, et al.,

    Plaintiffs,
v.                                Civil Action No. 3:21-cv-611

ENERGY SERVICES GROUP
INTERNATIONAL, INC.,

    Defendant.

**MEMORANDUM OPINION**

The matter before the Court regards the PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 18). For the reasons provided herein, the motion will be granted.

**I. BACKGROUND**

**A. Factual Background and Allegations**

This case involves a proposed collective action on behalf of employees at Energy Services Group, Inc. ("ESGI") who allegedly were paid less than the requisite "time and a half for hours worked overtime" under the Federal Labor Standards Act ("FLSA"). ESGI serves domestic and international industrial, government, and commercial clients focusing on nuclear, fossil, and hyperpower energy. ECF No. 19 at 2; ECF No. 26 at 3.

The two Plaintiffs who bring this lawsuit, Kenneth Brown and Mark Baron, are former employees of ESGI. Brown worked as a Contract Engineer for ESGI from August 2016 until April 2019. Baron worked as a Field Coordinator and Scheduler for ESGI from

May 2018 until February 2019. MEMORANDUM OF LAW SUPPORTING MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE, ECF No. 19 at 1-2.

Plaintiffs define the Putative Class Members as: "All power plant workers who ESGI paid at less than time and a half for hours worked over 40 in workweek." Plaintiffs seek to send notice "to other similarly situated power plant workers who were paid below their required time and a half when staffed to ESGI in the past three (3) years." ECF No. 18 at 1. Plaintiffs refer to Brown and Baron as the class representatives. See ECF No. 24 ¶ 31. Plaintiffs do not appear to explicitly address the proposed counsel, but Zev H. Antell, Michael A. Josephson, and Richard J. Burch are listed as the counsel of record.

**B. Procedural History**

On November 22, 2021, Plaintiffs filed the FIRST AMENDED COMPLAINT (ECF No. 24), which seeks relief in the form of an Order pursuant to Section 16(b) of the FLSA finding ESGI liable to Plaintiffs and the Putative Class Members for their unpaid overtime as well as liquidated damages in an amount equal to their unpaid overtime. ECF No. 24 ¶¶ 164-167. Plaintiffs also request an order for attorneys' fees and expenses as well as pre- and post-judgment interest. Id. ¶ 168.

Both Brown and Baron were previously opt-in plaintiffs in Ward v. ESGI, No. 4:20-cv-00171 (E.D. Va. Nov. 11, 2020). Ward

2

was dismissed by stipulation of the parties on September 8, 2021 and the matter was terminated on September 9, 2021. Brown and Baron were dismissed without prejudice. See ECF No. 1 ¶¶ 13-16.

On November 9, 2021, Brown and Baron filed the PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 18) and accompanying MEMORANDUM OF LAW SUPPORTING MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 19). The accompanying memorandum contains ten exhibits for the Court to consider, detailed below. On November 23, 2021, ESGI filed the DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 26), which is accompanied by the RULE 41 STIPULATION OF DISMISSAL (ECF No. 26-1) from Ward v. ESGI and the DECLARATION OF VICKI O'NEAL O'DELL (ECF No. 26-2), the Human Resources Manager for ESGI. Plaintiffs replied on November 29, 2021. See BROWN AND BARON'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 27).

## II. Legal Framework for Conditional Certification

Section 216(b) of the FLSA provides the legal framework by which plaintiffs may bring a collective action against an employer on behalf of themselves and a group of "similarly situated" employees for violations of the FLSA. Under the FLSA, class certification requires that plaintiffs in the class (1) be "similarly situated" and (2) "opt in" by filing with the Court

3

their consent to the suit. Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 562 (E.D. Va. 2006).

In the present matter, the Court only contemplates the first requirement. The conditional certification, or notice stage, is the initial, more lenient step in the certification process. During this stage, the Court determines whether the putative class members' claims are sufficiently similar as to merit sending notice of the action to possible class members. The second stage of the conditional certification process occurs if the defendant files a motion for decertification when discovery is complete. Id. at 563. At this second stage, courts apply a heightened standard to determine whether plaintiffs are "similarly situated" for the collective action to proceed. Id.

### III. Analysis

The FLSA does not define "similarly situated" and the Fourth Circuit has not yet applied a standard for when plaintiffs are considered "similarly situated." Choimbol, 475 F. Supp. 2d at 562. However, courts within the Fourth Circuit have found that putative class members are similarly situated when they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Mendoza v. Baird Drywall & Acoustic, Inc., No. 7:19-cv-882, 2021 WL 2435873, at *3 (W.D.

4

Va. Jun. 15, 2021) (quoting Romero v. Mountaire Farms, Inc., 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011)); Stone v. SRA Intern., Inc., No. 2:14cv209, 2014 WL 5410628, at *2 (E.D. Va. Oct. 22, 2014). "There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012). The circumstances "need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." Romero, 796 F. Supp. 2d at 705. The Court has the discretion, even with minimal evidence, to grant plaintiffs conditional certification of a representative class. Choimbol, 475 F. Supp. 2d at 563.

Accordingly, at the conditional certification stage, the Court applies a "fairly lenient standard." See, e.g., Clinton v. Gov't Employees Ins. Co., No. 2:16cv430, 2017 WL 3025558, at *2 (E.D. Va. July 14, 2017). This stage has been split by most courts within the Eastern District of Virginia into a two-part analysis. First, plaintiffs must "make a preliminary factual showing that a similarly situated group of potential plaintiffs exists." Id. (quotations omitted). Second, plaintiffs must

5

demonstrate that they and other potential plaintiffs together were "victims of a common policy or plan that violated the law." Id. (internal quotations omitted).

First, in the present case, Plaintiffs appear to be "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." Id. (quotations omitted). Plaintiffs' evidence indicates that common issues exist among the proposed class that are central to the disposition of the FLSA claims that can be adjudicated together. Plaintiffs believe they are similarly situated to the Putative Class Members because they all purportedly: (1) received less than time and a half for overtime; (2) were all required or permitted to work overtime without receiving compensation at the legal rate of pay; (3) were all staffed by ESGI to power plant operators; (4) were all hourly employees of ESGI; (5) were never guaranteed a salary; (6) were only paid for hours actually worked; and (7) the amount of pay received was not reasonably related to any purported salary. ECF No. 19 at 2-3.

To support the assertion that Plaintiffs and Putative Class Members are similarly situated in that they were not paid in compliance with the FLSA, Plaintiffs submit payroll records, employment agreements, timesheets, and summary data. ECF No. 19 at 5; Exhibits 1-10. In particular, Exhibit 10 contains 307 Putative Class Members "who were [allegedly] paid less than time

6

and a half for hours worked over 40 in a workweek." ECF No. 27 at 3. Plaintiffs aver that this list indicates that the potential class members "only received their straight time for overtime hours worked." Id.

Second, Plaintiffs assert that ESGI's denial of time and a half overtime pay is part of a uniform pay practice and plan that applies to a distinct group of workers. Specifically, Plaintiffs allege that 307 Putative Class Members who were staffed by ESGI were impacted by its pay practice. ESGI admits that it applied a common pay policy to Plaintiffs and Putative Class Members. See ECF No. 26-2 ¶ 8. According the Declaration of Vicki O'Neal O'Dell, the Human Resource Manager for ESGI, the company "classifies a large majority of [its power plant workers] as . . . exempt." Id. These employees, according to O'Dell receive a "salary" plus "an hourly rate per hour worked." Id. Further, O'Dell admits that ESGI's pay policy is "custom[ary] in the power industry." Id. Thus, a common pay scheme applied to similarly situated employees appears to exist.

Plaintiffs allege that ESGI's self-described pay policy fails the FLSA "salary basis" test. ECF No. 1 ¶¶ 26-63. Based on the uniform pay policy, the salary basis test can be analyzed "without consideration of facts unique or particularized to each class member." LaFleur, 2012 WL 4739534 at *4. Accordingly, the Court finds that the salary basis test serves as the "common

7

legal thread" connecting Plaintiffs and Putative Class Members, which warrants conditional certification. ECF No. 27 at 9.

**IV. Proposed Form and Manner of Notice**

Plaintiffs request that the Court authorize them to disseminate by first class U.S. Mail, e-mail, and text message the proposed Notice and Consent Forms in accordance with the schedule outlined in the draft ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS MEMBERS. See ECF No. 18-1 at 2. Plaintiffs encourage the Court to order ESGI to provide their counsel with the contact information listed above for the Punitive Class Members. ECF No. 19 at 17. Plaintiffs assert that their counsel should be allowed to send identical reminder notices mid-way through the 60-day notice period. Id. at 16. Plaintiffs also propose to follow-up with certain Putative Class Members by telephone if the notice and consent forms sent to such individuals are returned as undeliverable. Id. at 17. Plaintiffs state that the proposed forms and notice are appropriate because the information requested will provide Brown and Baron the best chance of reaching workers who live nationwide. ECF No. 27 at 13.

In response, Defendant avers that the language and methods used for the proposed notice extend beyond those necessary to reach the potential class members. ECF No. 26 at 17. Only mail, according to ESGI, should be relied upon to reach potential

8

class members. Accordingly, ESGI asserts that it should not be required to provide Plaintiffs with phone numbers or email addresses for the Putative Class Members. Id.

Courts should not modify a plaintiff's proposed notice "unless such alteration is necessary." Heitman v. City of Chicago, No. 04cv3304, 2004 WL 1718420, at *3 (N.D. Ill. June 30, 2004) (citation omitted). Plaintiffs' requested information will offer the best opportunity for contacting employees across the country. "[C]ommunication through email is [now] the norm." Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 575 (D. Md. 2012) (citing In re Deloitte & Touche, LLP Overtime Litig., 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012)). "Indeed, notice by email may be particularly appropriate in this case because the potential plaintiffs are technicians who are 'likely to be ... comfortable communicating by email.'" Id. at 575 (Lewis v. Wells Fargo & Co., 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009)). Courts within the Fourth Circuit have found notice through regular mail, email, and text messaging to be warranted; however, direct telephone calling and follow-up text messages 30 days after sending an initial text message have been held to be unwarranted. Irvine v. Destination Wild Dunes Management, Inc., 132 F. Supp. 3d 707, 711-12 (D.S.C. Sep. 14, 2015).

Accordingly, the Court finds the proposed notice to be acceptable as to the initial notice being disseminated via mail,

9

e-mail, and telephone. Plaintiffs may also send one reminder mid-way through the notice period via e-mail or mail.

## V. CONCLUSION

Based on the lenient standard for conditional certification, the Court grants PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (ECF No. 18). Arguably, discovery will produce more information about the members within the proposed class. In any event, Plaintiffs "have made a sufficient showing" that they are similarly situated to the Putative Class Members. Houston v. URS Corp., 591 F. Supp. 2d 827, 834 (E.D. Va. Dec. 17, 2008). The parties demonstrate that ESGI instituted a "common policy or plan" regarding a weekly salary plus hourly and overtime wages. Earl v. Norfolk State Univ., No. 2:13cv148, 2014 WL 6608769, at *6 (E.D. Va. Nov. 18, 2014). Plaintiffs' evidence generates "more than mere allegations" regarding the uniform pay practice and creates a common legal question regarding whether ESGI's pay policy can withstand the salary basis test. McNeil v. Faneuil, Inc., No. 4:15cv81, 2016 WL 11673836, at *4 (E.D. Va. Mar. 2, 2016).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2021

10