IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH BROWN, et al.,

    Plaintiffs,
v.                                Civil Action No. 3:21-cv-611

ENERGY SERVICES GROUP
INTERNATIONAL, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT'S MOTION TO STAY (ECF No. 83). Having reviewed the motion, the supporting, opposing, and reply memoranda (ECF Nos. 83, 85, and 86), and having reviewed the question presented in Hewitt v. Helix Energy Sols. Grp., Inc., 15 F.4th 289, 294 (5th Cir. 2021), cert. granted, 2022 WL 1295708 (U.S. May 2, 2022) (No. 21-984), the Court concludes that the MOTION TO STAY will be GRANTED.

**I. BACKGROUND**

The matter before the Court is a collective action on behalf of employees at Energy Services Group Inc. ("ESGI") who allegedly were paid less than the requisite time and a half for hours worked overtime under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. Defendant ESGI moves to stay the proceedings pending the Supreme Court of the United States of America's decision in Helix Energy Sols. Grp., Inc. v Hewitt, cert. granted, 2022 WL

1295708 (U.S. May 2, 2022) (No. 21-984). Plaintiffs contest the Motion to Stay. See Pls.' Opp'n Defs.' Mot. for Stay (ECF No. 85).

## A. Factual and Procedural Background

On November 22, 2021, Plaintiffs filed the FIRST AMENDED COMPLAINT ("FAC") (ECF No. 24) alleging that ESGI violated the FLSA. ESGI is headquartered in Toano, Virginia and serves domestic and international industrial, government, and commercial clients focusing on nuclear, fossil, and hydro energy. Am. Compl. ¶¶ 32, 47. ESGI acts as a staffing company "that provides highly skilled engineers and other similarly educated and experienced employees to power companies." See ESGI's Mem. Opp. Pls.' Mot. Partial Summ. J. at 2 (ECF No. 78).

ESGI hired Plaintiffs on a contract basis to work for ESGI's clients. On January 10, 2022, the Court granted class certification for the pertinent ESGI employees:

> All power plant workers who ESGI paid at less than time and a half for hours worked over 40 in workweek (the "Putative Class Members").

Or. (ECF No. 38). The Class Representatives, Kenneth Brown and Mark Baron, are former employees of ESGI.[1] As of May 12, 2022, there are forty-eight (48) total named Plaintiffs, including the two original Plaintiffs Brown and Baron. See Notice of Filing

---

[1] Brown worked as a Contract Engineer for ESGI from August 2016 until April 2019. Id. ¶¶ 97, 106. Baron worked as a Field Coordinator and Scheduler for ESGI from May 2018 until February 2019. Id. ¶¶ 74, 91.

2

Consents to Become Party (ECF Nos. 41, 44, 45); Notice of Withdrawal of Consent (ECF Nos. 80); Or. (ECF No. 81).

Plaintiffs allege that ESGI misclassified the Class Members as exempt from the overtime requirements of FLSA. Am. Compl. ¶ 1. Plaintiffs assert that ESGI willfully violated or recklessly disregarded FLSA by neither complying with the "salary basis" test nor meeting any FLSA exception. Id. ¶¶ 1-11, 133-151. Plaintiffs allege that ESGI treated the Class Members as hourly employees; ESGI paid Class Members according to the same illegal pay plan (i.e., their purported base weekly salary and high hourly rates created an illusion of compliance with FLSA); and that ESGI was aware of its FLSA violations because it was previously sued for this alleged illegal pay practice,[2] maintained an employee handbook with FLSA requirements, and employed individuals responsible for FLSA compliance. Id. ¶¶ 21-29, 133-135.

Plaintiffs contend that ESGI owes them wages for at least the past three years based on "the difference between the rate actually paid and the proper overtime rate." Id. ¶¶ 165, 166. Accordingly, Plaintiffs conclude that "ESGI is liable to Plaintiffs and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages." Id. ¶ 167.

---

[2] See Dunn v. Energy Servs. Grp. Int'l, Inc., No. 2:18-cv-13349 (E.D. La. Dec. 11, 2018).

ESGI's First Affirmative Defense asserts that "Brown and Baron were properly classified as exempt employees with no entitlement to overtime, and therefore, [Plaintiffs] fail to state claims upon which relief can be granted." Am. Answer & Affirmative Defenses to First Am. Compl. ¶ 1 at 13 (ECF No. 57-1). ESGI's Tenth Affirmative Defense states that "Plaintiffs are exempt from overtime pay as Highly-Compensated Workers (HCE Test) provided by Section 13(a)(1) of the FLSA and as defined in 29 C.F.R. § 541.601." Id. ¶ 10 at 14.

Highly Compensated Employees ("HCEs") are considered exempt under the Act and, therefore, not bound by FLSA's wage and overtime requirements. 29 C.F.R. § 541.601(a)(1). To be considered an HCE, an employee must fulfill three tests: salary level[3], salary basis, and duties[4]. HCEs "must receive at least the standard salary level each pay period on a salary or fee basis, while the remainder of the employee's total annual compensation may include commissions, nondiscretionary bonuses, and other nondiscretionary compensation." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and

---

[3] The salary level test states that employees "receive at least $107,432 annually ($100,000 annually before January 1, 2020), including payment of at least $684 per week ($455 per week before January 1, 2020), paid on a salary or fee basis." Id. § 541.601(a).

[4] The duties test states that employees must "have primary duties that include performing office or non-manual work; and customarily and regularly perform at least one of the exempt duties or responsibilities of an exempt executive, administrative, or professional employee." Id. § 541.601(a).

4

Computer Employees, 84 Fed. Reg. 51230, 51249 (Sep. 27, 2019) (citing 29 C.F.R. § 541.601(b)(1)).[5]

In the MOTION FOR SUMMARY JUDGMENT (ECF No. 65) and accompanying memorandum (ECF No. 66), Plaintiffs contend, among other arguments, that Defendant cannot fulfill the salary basis test.[6] Plaintiffs aver that ESGI cannot meet the salary basis threshold for HCEs under FLSA because, in part, ESGI cannot pass the reasonable relationship test. The regulations describe the reasonable relationship test as follows:

> The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek. Thus, for example, an exempt employee guaranteed compensation of at least $725 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $210 per shift without violating the $684-per-week salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. . . .

29 C.F.R. § 541.604(b). In 2018, the Department of Labor issued an Opinion Letter describing a 1.5-to-1.0 ratio to assess whether an

---

[5] An employer may play "catch-up" by providing a final payment during the closing pay period or within one month after the end of the 52-week period to bring an employee's compensation up to the required level. 29 C.F.R. § 541.601(b)(2). If an employee does not work for a complete year, then the employer may pay a *pro rata* portion of the requisite annual compensation based upon the weeks of employment. Id. § 541.601(b)(3).

[6] Plaintiffs dispute that specific Class Members do not meet the salary level test. See ECF No. 66 at 14-15. Plaintiffs also contend that ESGI cannot fulfill the duties test in general. Id. at 30.

5

employee's compensation has a reasonable relationship between the employee's guaranteed weekly salary and usual earnings.[7]

Courts have upheld the reasonable relationship test's validity; however, they remain split regarding its application to HCEs.[8] In Hewitt v. Helix Energy Sols. Grp., the United States Court of Appeals for the Fifth Circuit determined that the reasonable relationship test should be applied to an employee who was paid on a day-rate basis of $963 rather than on a weekly, monthly, or annual basis.[9] 15 F.4th 289, 291 (5th Cir. 2021). The employee was paid biweekly regardless of the number of hours he worked on a given day. Because the employee was an HCE and paid a daily rate rather than a weekly salary, the Fifth Circuit found that the "special rule" in § 541.604 (i.e., the reasonable

---

[7] See U.S. Dep't of Labor, Wage & Hour Division, Op. Letter, FLSA 2018-25 (Nov. 8, 2018). The letter notes that this ratio is not the only reasonable method of calculation; however, it does not provide alternative methods. Although DOL acknowledges that the precise ratio is not specified in the regulation as an "absolute maximum permissible ratio", it nevertheless states that where actual or usual earnings are approximately 1.8 times the guaranteed weekly salary—or nearly double—the guaranteed weekly salary "materially exceed[s]" the permissible ratio of the regulation. This Opinion Letter does not explicitly refer to the HCE exemption.

[8] Contra Hughes v. Gulf Interstate Field Servs. Inc., 878 F.3d 183 (6th Cir. 2017) (rebuffing the employer's argument that § 541.604(b) is irrelevant); Coates v. Dassault Falcon Jet Corp., 961 F.3d 1039, 1042 (8th Cir. 2020) (determining that the definition of "salary basis" is subject to interpretive rules that contain § 541.604(b)), with Anani v. CVS RX Servs., Inc., 730 F.3d 146 (2nd Cir. 2013) (holding that § 541.604 would be "rendered essentially meaningless if a 'highly compensated employee' also had to qualify for the exemption under C.F.R. § 541.604."); Litz v. Saint Consulting Grp., Inc., 772 F.3d 1 (1st Cir. 2014) (recognizing § 541.604(b) as a separate exemption from the HCE exemption in 541.601).

[9] Hewitt, the employee at issue, had a total annual compensation far exceeding the salary level requirement for HCEs, and the parties do not dispute that Hewitt performed duties of an FLSA-exempt executive employee.

relationship test) applied as part of the analysis under the salary basis test. The majority held that, to be entitled to the HCE exemption, the employer must show that the employee was paid on a salary basis, which may be satisfied by paying a daily or hourly rate only if there is a fixed minimum weekly guarantee that bears a reasonable relationship to the employee's actual compensation, regardless of his total annual compensation amount. The Fifth Circuit held that the employer failed to demonstrate that it paid the employee on a salary basis under 29 C.F.R. § 541.604(b) because his daily rate, by definition, was "paid with regard to—and not 'regardless of'—'the number of . . . days . . . worked.'" Id. at 294. By holding out the "daily" rate language in § 541.604(b), the majority connected the HCE test in § 541.601 to the reasonable relationship test in § 541.604(b).

On May 2, 2022, while litigation matters in the present dispute were ongoing, the Supreme Court granted certiorari to review Hewitt and address the circuit split regarding the reasonable relationship test. See Helix Energy Sols. Grp., Inc. v. Hewitt, cert. granted, 2022 WL 1295708 (U.S. May 2, 2022) (No. 21-984),

ESGI seeks to stay the matter until the Supreme Court renders its decision in Hewitt, whereby it will determine:

7

> Whether a supervisor making over $200,000 each year is entitled to overtime pay because the standalone regulatory exemption set forth in 29 C.F.R. § 541.601 remains subject to the detailed requirements of [the reasonable relationship test] 29 C.F.R. § 541.604 when determining whether highly compensated supervisors are exempt from the Fair Labor Standards Act's overtime-pay requirements.

Question Presented, Helix Energy Sols. Grp., Inc. v. Hewitt, 2022 WL 1295708 (U.S. Jan. 7, 2022) (No. 21-984).

### A. The Legal Standard

A court maintains the inherit power to control its own docket through its ability to stay proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Jasper v. United States, No. 1:00-CR-87, 2017 WL 449308, at *6 (E.D. Va. Feb. 2, 2017). In exercising its authority to grant a stay, a court is given wide discretion to "weigh competing interests and maintain an even balance." Id. at 255. In deciding whether to grant a motion to stay, courts consider three factors: (1) judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party. Jasper, No. 1:00-CR-87, at *6-7. See, e.g., In re Phillips, Beckwith & Hall, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) ("[A] stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests.") (citations omitted).

## C. Analysis

Plaintiffs' Amended Complaint and Motion for Summary Judgment rely upon ESGI's alleged failure to meet the salary basis test for HCEs, which in part, may or may not rely on the reasonable relationship test. Should the Supreme Court determine that the reasonable relationship test applies to HCEs, then ESGI is unlikely to demonstrate a reasonable relationship between the Class Members' weekly salaries and usual earnings. As a result, ESGI would be unlikely to satisfy the salary basis test under the HCE exemption that would apply to the majority of the Class Members.

For example, Baron received a guaranteed weekly salary of $1,000, and thus, any usual weekly earnings up to $1,500 will satisfy the "reasonable relationship" test. Baron earned well over the 1.5-to-1 ratio of actual earnings compared to his guaranteed weekly salary. In fact, his usual weekly earnings typically accrued more than double the guaranteed minimum salary, often at over a 2.0-to-1.0 ratio. See Ex. 7 (ECF No. 66-7).

However, if the Supreme Court decides that the reasonable relationship test does not apply to HCEs, then the parties must litigate whether ESGI fulfills the remaining HCE regulatory requirements (salary level, salary basis, and duties). Accordingly, the Supreme Court's decision in Hewitt will be dispositive of a central contention between the parties: whether ESGI's pay scheme complies with the reasonable relationship test

9

as part of the salary basis analysis when applied to HCEs.

The Court finds that a stay is appropriate here. It is both in the Court's and parties' interest to wait until the Supreme Court decides Hewitt to assess the merits of the parties' contentions regarding the reasonable relationship test. Both parties would be prejudiced considerably should they continue to expend substantial resources in litigation only for the Supreme Court to rule that the reasonable relationship test does not apply to HCEs. The Court would also waste time, energy, and resources in the interim by allowing the parties to continue litigating.

Plaintiffs argue that "[g]ranting a stay would further delay a resolution in this case and could significantly delay proceedings, causing undue prejudice to Plaintiffs." ECF No. 85 at 3 (quoting Gibbs v. Plain Green, LLC, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018). Plaintiffs contend that Hewitt will only resolve but one factor in the HCE analysis by holding the reasonable relationship test out as its own factor, rather than one in a series of analyses for the salary basis test. However, Plaintiffs appear to disregard in their response brief how the HCE exemption and its underlying tests are applied based on the implementing regulations. See Pls.' Opp'n Defs.' Mot. for Stay (ECF No. 85).

Although it is true that Hewitt will only decide whether HCEs must meet the reasonable relationship test, Hewitt will also resolve whether the reasonable relationship test underlies the

10

salary basis test. Plaintiffs contend as much in their Amended Complaint and Motion for Summary judgment. In fact, the Motion for Summary Judgment avers that ESGI cannot fulfill the salary basis test for HCEs because Class Members were considered (i) hourly rather than salaried employees; (ii) improper deductions were made from these alleged salaries; <u>and</u> (iii) there is no reasonable relationship between the alleged salaries and additional compensation provided to employees. <u>See</u> ECF No. 66 at 15 (emphasis added). Specifically, Plaintiffs argue that:

> But to be "exempt," ESGI had to pay Plaintiffs on a "salary basis." And ESGI never intended to pay Plaintiffs a salary. It paid them on an hourly basis. Even if ESGI's pay policy includes a "salary" (and it doesn't), <u>it fails the FLSA's "salary basis test" because Plaintiffs' usual weekly earnings were not reasonably related to their "salary."</u> Because ESGI fails the salary basis test as a matter of law, the Court should grant Plaintiffs' motion for partial summary judgment.

<u>Id.</u> (emphasis added).

Thus, the reasonable relationship test, by Plaintiffs' own explanation, acts as the linchpin to interpreting the salary basis test. If the salary basis test cannot be established, then the HCE exemption cannot be applied. The HCE exemption requires all three tests to be met: salary level, salary basis, and duties. Litigating while one of those three pillars hangs in the balance of the Supreme Court's review would be antithetical to judicial economy, while wasting the time and resources of both parties particularly

11

because discovery has concluded. Therefore, the Court finds it prudent to stay the present matter in order to benefit from any pertinent insight that the Supreme Court may offer regarding the reasonable relationship test.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 14, 2022

12